UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TIMOTHY LORD PRICE                                                                                    PLAINTIFF

V.                                                                              CIVIL ACTION NO.1:16CV-43-DAS

COMMISSIONER OF SOCIAL SECURITY                                                          DEFENDANT

FINAL JUDGMENT

This cause is before the court on the claimant's complaint for judicial review of an unfavorable final decision by the Commissioner of the Social Security Administration. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

The plaintiff has argued that the Administrative Law Judge's decision assessing the plaintiff's residual functional capacity is not supported by substantial evidence. The ALJ found the plaintiff could perform a limited range of light work, largely based on the restrictions set forth in the medical source statement provided by Dr. Shearin, the consultative examiner. The RFC omitted two of the restrictions given in Shearin's MSS-- that the plaintiff would need a sit/stand option and that his ability to reach, particularly overhead, would be limited following the cervical fusion performed by his treating neurosurgeon. The ALJ has not given any rationale for rejecting these work limitations, nor pointed to any medical opinion or other substantial evidence to support this change. The testimony from the vocational expert established that the addition of either of these two limitations to the plaintiff's RFC would mean that no jobs would be available.

1

The court finds the RFC assessment is not supported by substantial evidence. The findings of the non-examining state agency physicians, because contradicted by treating and examining physicians, do not rise to the level of substantial evidence as a matter of law. *Villa v. Sullivan*, 895 F.2d 1019 (5th Cir. 1990). The opinion of the examining physician for the workers compensation carrier, who found no work restrictions, in spite of the plaintiff's multiple abnormal objective clinical findings, is the product of clear bias, inconsistent with the record as a whole, and was effectively rejected by the ALJ.[1] The other workers compensation physician's report focused on whether the plaintiff's physical impairments were work-accident related. The only other medical source statement was from the plaintiff's treating physician whose opinion, though conclusory, was consistent with Dr. Shearin's MSS.

On remand the ALJ shall explain why he rejected Dr. Shearin's sit/stand and reaching restrictions and identify evidence supporting his decision.

The plaintiff also argued that the administration failed to carry its burden at Step Five to show that there were significant numbers of jobs that could be done by a person with his RFC. The VE testified that a person with the plaintiff's RFC could work as a binding winder in the textile industry, sack repairer in the feed industry, and as cuff folder in the knitting industry.[2] On

---

[1] The VE testified that forklift work as performed by Price would be at the very heavy exertion level. The plaintiff had multiple level cervical spondylosis which lead to a cervical fusion and multilevel lumbar spondylosis which his neurosurgeon thought should be evaluated for possible surgical intervention. Dr. Shearin found absent deep tendon reflexes at the wrist, elbows and knee on the right and only 1 of 4 at the left knee and ankle. The workers compensation doctor nevertheless opined that Price could return to his former job without limitations. No other doctor assessed Price over a light level of exertion. While the ALJ said he was giving this doctor's opinion some weight, his decision finding an RFC of a limited range of light work is so inconsistent that it amounts to a rejection.

[2] The VE testified that there are 24,551 binding winder jobs, 21,421 sack repairer jobs and 20, 432 cuff folder jobs nationally.

cross examination, he admitted that none of these industries are prevalent in Mississippi. He provided no estimates of the number of these jobs within this state or region.

The defendant responded that its burden of proof is met at the final step by showing that significant numbers of jobs are available in the national economy. Typically this court sees transcripts where VEs testify to several jobs within the plaintiff's RFC and provides the total number of jobs available at the state *and* national level. The court thinks this norm is an appropriate and prudent means for the SSA to meet its Step 5 burden, though it stops short today of deciding that this practice is invariably required by the statute. But see, *Barrett v. Barnhart*, 368 F.3d 691, (7th Cir. 2004)(per curiam) where the appellate court refused to reconsider the language of its earlier opinion that held a plaintiff was disabled where "there are no jobs *in reasonable proximity to where she lives* that she is physically able to do." *Id.*

In this case however, the variance from the agency's normal practice has resulted in just such a failure of proof. Title 42 U.S.C. § 423(d)(2)(A) provides that a person is disabled if he can no longer do his previous work or "engage in any other kind of substantial gainful work which exists in the national economy." The Social Security Administration need not prove that "such work exists in the immediate area in which he lives;" need not prove that "a specific job vacancy exists;" nor prove that the claimant "would be hired" if he applied. 42 U.S.C. § 423(d)(2)(A). "Work exists in the national economy" by the statutory definition if it "exists in significant numbers *either in the region where such individual lives or in several regions of the country*." 42 U.S.C. § 423(d)(2)(A)(Emphasis added). Given that the VE's testimony establishes that these jobs are in industries that are not in this region and there is no testimony to show that these jobs are

available in several regions, the defendant has failed to show that there are significant numbers of jobs "within the national economy" that the plaintiff can perform with his remaining capacities.

On remand, the plaintiff may be granted benefits, or, alternatively the defendant must meet its burden of proof at Step Five. Because of the plaintiff's limited education, the compelling medical proof, his long, steady prior work history and the agency's failure to carry its burden of proof at Step Five, the court seriously contemplated remanding this case solely for calculation of benefits. The agency has been given the benefit of the doubt this time because the court understands that the testimony of any VE is typically just a sampling of jobs a person could perform, not an exhaustive list of possible employments.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is reversed and remanded for further proceedings consistent with the ruling of the court and this judgment.

SO ORDERED AND ADJUDGED this 22nd day of December, 2016.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE